CRAIG G. MARGULIES, SBN 185925
MEGHANN TRIPLETT, SBN 268005
NOREEN A. MADOYAN, SBN 279227
**MARGULIES FAITH LLP**
16030 Ventura Boulevard, Suite 470
Encino, CA 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777
Email: Meghann@MarguliesFaithLaw.com
Email: Noreen@MarguliesFaithLaw.com

Attorneys for Plaintiff
Jeremy W. Faith, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>R.E. BARBER FORD,<br><br>Debtor. | Case No.: 9:14-bk-12754-DS<br><br>Chapter 7<br><br>Adv. No.: |
| JEREMY W. FAITH, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>BEACHMONT LIMITED PARTNERSHIP,<br><br>Defendant. | **COMPLAINT FOR:**<br><br>**(1) AVOIDANCE OF ACTUAL FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(A); Cal. Civ. Code § 3439.04];**<br>**(2) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(B); Cal. Civ. Code § 3439.05]; AND**<br>**(3) RECOVERY OF AVOIDED TRANSFERS [11 U.S.C. § 550];** |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Jeremy W. Faith, Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the bankruptcy estate of R.E. Barber Ford, Inc. (the "Debtor"), alleges as follows:

///

///

## I. STATEMENT OF JURISDICTION AND VENUE

1. This is an adversary proceeding filed pursuant to Federal Rule of Bankruptcy Procedure (F.R.B.P.) 7001(1) (a proceeding to recover money or property).

2. Plaintiff, as Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate"), has standing to bring this action under 11 U.S.C. §§ 323, 544, 548, and 550.

3. The Court has jurisdiction over this adversary proceeding and its subject matter pursuant to 28 U.S.C. §§ 157(b)(1), 157(b)(2), and 1334(a) in that this proceeding relates to the Debtors' main bankruptcy proceeding, pending in the Central District of California, Northern Division, as *In re R.E. Barber Ford*, Case No. 9:14-bk-12754-PC (the "Bankruptcy Case").

4. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), and (O). To the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409(a).

## II. PARTIES

6. Plaintiff, Jeremy W. Faith is the duly-appointed, qualifying and acting Chapter 7 Trustee in the Bankruptcy Case.

7. Defendant Beachmont Limited Partnership ("Beachmont") is a California limited partnership subject to the jurisdiction of this Court.

8. Plaintiff is informed and believes, and thereon alleges, that Beachmont is an insider of the Debtor, as that term is defined by 11 U.S.C. § 101(31).

## III. GENERAL ALLEGATIONS

9. The Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code on December 19, 2014 (the "Petition Date").

10. Plaintiff is informed and believes that at all times herein, Barbara S. Meister ("Ms. Meister") was the 100% shareholder, CEO, and President of the Debtor.

///

11. Plaintiff is informed and believes that Ms. Meister is also the limited partner of the Defendant, and has been the only limited partner of the Defendant since the death of her husband.

12. Plaintiff is informed and believes that the Debtor leased the real property located at 3650 Main Street, Ventura, California (the “Business Premises”) from the Defendant from at least December 2010 through February 2014, and operated the Debtor’s subsidiary Barber Recreational Vehicles Inc. on the Business Premises.

13. Plaintiff is informed and believes that from on or about May 2014 through the Petition Date, the Defendant leased the Business Premises to Western Auto Experts, Inc. (“Western Auto”).

14. Plaintiff is informed and believes that from December 2010 through September 2013, the Debtor paid the Defendant $40,000 each month to rent the Business Premises.

15. Plaintiff is informed and believes that from October 2013 through February 2014, the Debtor paid the Defendant $20,000 each month to rent the Business Premises.

16. Plaintiff is informed and believes that from May 2014 to December 2014, the Defendant received $15,000 each month in rent for the Business Premises from Western Auto, pursuant to a lease agreement executed on May 14, 2014.

17. Plaintiff is informed and believes that in the two (2) years pre-petition, the Debtor made transfers to Defendant of no less than $460,000.

18. Plaintiff is informed and believes that the Debtor transferred an additional $960,000 to Defendant between December 2010 and December 2012 (the “544 Transfers”) (the transfers are collectively referred to as the “Beachmont Transfers”).

19. Plaintiff is informed and believes that the Debtor was in the zone of insolvency from at least December 2010 through the Petition Date, and that the Debtor was unable to pay its obligations to creditors as such obligations came due.

20. Plaintiff is informed and believes that the rent paid by the Debtor to Defendant for the Business Premises was substantially in excess of the fair market value at the time of the Beachmont Transfers.

21. Plaintiff is informed and believes that the Debtor did not receive reasonably equivalent value in exchange for the Beachmont Transfers.

22. Plaintiff has standing to assert the claims herein because, at all times material hereto, there was and is at least one creditor of the Debtor in existence at the time of the Beachmont Transfers, and as of the Petition Date, who holds an allowed unsecured claim against the Debtor that was and is allowable under Bankruptcy Code § 502.

## FIRST CLAIM FOR RELIEF

**(Avoidance of Actual Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(A); Cal Civ. Code § 3439.04)**

23. Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

24. Plaintiff is informed and believes that the Beachmont Transfers represent a transfer that was made or obligation that was incurred with actual intent to hinder, delay or defraud creditors of the Debtor.

25. Plaintiff is informed and believes that the Beachmont Transfers were made without the Debtor receiving reasonably equivalent value in exchange for the transfers.

26. Plaintiff is informed and believes that at the time the Beachmont Transfers were made, the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

///

///

///

27. Plaintiff is informed and believes that at the time the Beachmont Transfers were made, the Debtor intended to incur, or believed or reasonably should have believed that he would incur debts beyond his ability to pay such debts as they became due.

28. Therefore, the Beachmont Transfers are avoidable under Sections 544(b) and 548(a)(1)(A) of the Bankruptcy Code and California Civil Code §3439.04.

**SECOND CLAIM FOR RELIEF**

**(Avoidance of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 548(a)(1)(B); Cal. Civ. Code § 3439.05)**

29. Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

30. Plaintiff is informed and believes that the Beachmont Transfers were made for less than reasonably equivalent value.

31. Plaintiff is informed and believes that the Debtor either:

a. Was insolvent on the dates that each of the Beachmont Transfers were made, or became insolvent as a result of the Beachmont Transfers;

b. Was engaged or was about to engage in a business or a transaction for which any property remaining with the Debtor was an unreasonably small capital; or

c. Intended to incur, or believed, or reasonably should have believed, it would incur debts beyond its ability to pay them as they became due.

32. Therefore, the Beachmont Transfers may be avoided under Sections 544 548(a)(1)(B), and Cal. Civ. Code § 3439.05.

///

///

///

///

**<u>THIRD CLAIM FOR RELIEF</u>**

**(Recovery of Avoided Transfers)**

**[11 U.S.C. § 550]**

33. Plaintiff hereby incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth herein.

34. Plaintiff is informed and believes that the Defendant was the initial transferee of the Beachmont Transfers or the entity for whose benefit the Beachmont Transfers were made or the mediate or immediate transferee of the Beachmont Transfers.

35. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the property transferred or its value with interest thereon at the California pre-judgment interest rate of 7% per annum from the date each of the Beachmont Transfers were made until judgment is entered.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

**WHEREFORE,** Plaintiff prays for a judgment against Defendant as follows:

1. That the Beachmont Transfers be avoided for the benefit of the bankruptcy estate of the Debtor;

2. For recovery of the Beachmont Transfers to the extent that they exceeded reasonably equivalent value for the benefit of the Estate;

3. For entry of a judgment against Defendant for the value of the Beachmont Transfers together with interest thereon at the legal rate from the date of each transfer;

4. For costs of suit incurred herein; and

5. For such other relief as the Court deems just and proper.

DATED: December 16, 2016

**MARGULIES FAITH, LLP**

By: *_/s/ Meghann Triplett_*__________
Meghann Triplett
Noreen A. Madoyan
Attorneys for Jeremy W. Faith,
Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **COMPLAINT FOR: (1) AVOIDANCE OF ACTUAL FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(A); Cal. Civ. Code § 3439.04]; (2) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(B); Cal. Civ. Code § 3439.05]; AND (3) RECOVERY OF AVOIDED TRANSFERS [11 U.S.C. § 550]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 16, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On December 16, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

JUDGE: Honorable Deborah J. Saltzman, USBC, 255 Temple Street, Suite 1634, Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 16, 2016 | Brian Reed | /s/ Brian Reed |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

## ADDITIONAL SERVICE INFORMATION (if needed)

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Jeremy W. Faith (TR)** Trustee@MarguliesFaithlaw.com, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com;Brian@MarguliesFaithlaw.com
**Andrew Goodman** agoodman@andyglaw.com
**Nina Z Javan** njavan@brutzkusgubner.com
**Yi S Kim** ykim@greenbass.com, ksopky@greenbass.com;ecfnotification@greenbass.com
**Meghann A Triplett** Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Noreen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com
**United States Trustee (ND)** ustpregion16.nd.ecf@usdoj.gov